**EAST PORTLAND IMAGING CENTER, P.C., an Oregon professional corporation, dba Epic Imaging–East; Body Imaging, P.C., an Oregon profes-**

ed by 9th Cir. R. 36–3.

sional corporation, dba Body Imaging
Radiology; Body Imaging Radiology;
Pacific Breast Center; Women's Im-
aging, P.C., Plaintiffs–Appellants,

v.

PROVIDENCE HEALTH SYSTEM–
OREGON; Providence Health Plan,
an Oregon non-profit corporation;
Providence Plan Partners, Defen-
dants–Appellees.

East Portland Imaging Center, P.C., an
Oregon professional corporation, dba
Epic Imaging–East; Body Imaging,
P.C., an Oregon professional corpora-
tion, dba Body Imaging Radiology;
Body Imaging Radiology; Pacific
Breast Center; Women's Imaging,
P.C., Plaintiffs–Appellees,

v.

Providence Health System–Oregon;
Providence Health Plan, an Oregon
non-profit corporation; Providence
Plan Partners, Defendants–Appel-
lants.

Nos. 06–35394, 06–35449.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 2008.

Filed May 20, 2008.

* This disposition is not appropriate for publica-
tion and is not precedent except as provided

Michael E. Haglund, Michael K. Kelley,
Shay S. Scott, Haglund Kelley Horngren
Jones & Wilder LLP, Portland, OR, for
Plaintiffs–Appellants/Plaintiffs–Appellees.

John F. McGrory, Jr., Davis Wright
Tremaine LLP, Portland, OR, Douglas C.
Ross, Seattle, WA, Arden J. Olson, Har-
rang Long Gary Rudnick, PC, Eugene,
OR, for Defendants–Appellees/Defen-
dants–Appellants.

Before: TALLMAN, CLIFTON, and
N.R. SMITH, Circuit Judges.

MEMORANDUM *

Plaintiffs East Portland Imaging Cen-
ter, P.C. (EPIC), Body Imaging, P.C.

by 9th Cir. R. 36–3.

(Body Imaging), and Women's Imaging, P.C. (Women's Imaging) appeal the district court's order granting summary judgment in favor of Defendants Providence Health System–Oregon, Providence Health Plan, and Providence Plan Partners (collectively Providence) on their claim that Providence attempted to monopolize the market for diagnostic imaging services in the Portland metropolitan area in violation of § 2 of the Sherman Act, 15 U.S.C. § 2. We review de novo the district court's grant of summary judgment, viewing all evidence in the light most favorable to the non-moving party. *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 912 (9th Cir.2008). Summary judgment is appropriate if the non-moving party fails to put forth evidence sufficient for the jury to find in its favor on an element essential to the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In order to demonstrate attempted monopolization under § 2 of the Sherman Act, a plaintiff must prove that (1) the defendant has engaged in predatory or anticompetitive conduct, (2) the defendant has a specific intent to monopolize, (3) there is a dangerous probability the defendant will achieve monopoly power in the relevant market, and (4) the plaintiff has suffered an antitrust injury as a result. *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456, 113 S.Ct. 884, 122 L.Ed.2d 247 (1993). To demonstrate that there is a dangerous probability that the defendant will achieve monopoly power, i.e., the ability to control prices or exclude competition, "a plaintiff must: (1) define the relevant market, (2) show that the defendant owns a dominant share of that market, and (3) show that there are significant barriers to entry and show that existing competitors lack the capacity to increase their output in the short run." *See Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 51 F.3d 1421, 1434 (9th Cir.1995); *United States v. E.I. duPont de Nemours & Co.*, 351 U.S. 377, 391, 76 S.Ct. 994, 100 L.Ed. 1264 (1956) (defining monopoly power).

Plaintiffs have failed to create a factual issue regarding the barriers to entry and expansion in the diagnostic imaging market. They have not provided evidence that new entrants face long-run costs that were not or will not be incurred by incumbent providers. *See Rebel Oil Co., Inc.*, 51 F.3d at 1439–41; *L.A. Land Co. v. Brunswick Corp.*, 6 F.3d 1422, 1427 (9th Cir.1993). Nor have they provided evidence of the scope and impact of market conditions, including the ability of Providence to control patients and physician referrals through its insurance products, that would deter new entry while allowing Providence to earn monopoly returns. *See Rebel Oil Co., Inc.*, 51 F.3d at 1439–41; *Park Ave. Radiology Assocs., P.C. v. Methodist Health Sys., Inc.*, No 98–5668, 1999 WL 1045098, at *5 (6th Cir. Nov. 10, 1999) (unpublished); *Doctor's Hosp. of Jefferson, Inc. v. Se. Med. Alliance, Inc.*, 123 F.3d 301, 308 (5th Cir.1997); *see also, Stop & Shop Supermarket Co. v. Blue Cross & Blue Shield of R.I.*, 373 F.3d 57, 67–69 (1st Cir.2004). With regard to barriers to expansion, Plaintiff admit that there is excess capacity in the diagnostic imaging market. *See Rebel Oil Co., Inc.*, 51 F.3d at 1441 (holding that evidence of entry barriers and market share is not sufficient to demonstrate market power when existing competitors are able to expand capacity). Because Plaintiffs failed to create a genuine issue of material fact as to whether there are barriers to entry and expansion in the relevant diagnostic imaging market, the district court properly granted summary judgment in favor of Providence.

Providence's cross-appeal challenging the district court's denial of its motion to exclude the Plaintiffs' expert is dismissed as moot.

Costs are awarded to Providence.

No. 06–35394 is AFFIRMED. No. 06–35449 is DISMISSED.